ROBERTA. CHAISSON, Judge.
|aThe judgment at issue here resulted from a motion for summary judgment urged by plaintiffs in this declaratory judgment action. The motion presented two issues: 1) did the defendant — owners properly withdraw from the partnership, and 2) did the remaining owners tender the proper amount to the withdrawing owners for their share of the partnership?
The trial judge ruled that the defendant owners did properly withdraw, but that these parties retained the right to contest the amount tendered by the remaining owners. In effect, the judgment grants the motion for summary judgment as to the first issue, but denies it as to the second. Plaintiffs, the remaining owners, appealed that judgment as to the second issue. No one appealed the judgment as to the first issue.
What is in fact being appealed, therefore, is the denial of a motion for summary judgment. Article 1915(B)(1) of the Code of Civil Procedure provides that when a court renders a “partial summary judgment,” that judgment shall not be a final, appealable judgment unless designated as a final judgment by the court. However, before such a designation may be made, the judgment must first be one | ¡¡granting a summary judgment, not one denying a summary judgment. A denial of a summary judgment is clearly an interlocutory judgment and is appealable only when expressly provided by law. La. C.C.P. art. *891 2083(C). We know of no law which would authorize the appeal of such a judgment, and the parties have not shown otherwise.
In the above circumstances, this court lacks jurisdiction to entertain this matter as an appeal. Accordingly, the appeal is dismissed. Plaintiffs-appellants are given 30 days from this date to perfect a writ application in the matter if they so desire.

APPEAL DISMISSED